dUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE G. CAUSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04336-JMS-TAB |
| | ) |
| INDIANAPOLIS POLICE DEPARTMENT, | ) |
| INDIANAPOLIS SWAT TEAM, | ) |
| ATTORNEY GENERAL'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Tyrone Causey filed this civil rights action against the Indianapolis Police Department, Indianapolis Swat Team and the Attorney General's Office. He seeks 150 million dollars.

**I. Screening Standard**

Because the plaintiff is proceeding *in forma pauperis*, the complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012) (citing Fed.R.Civ.P. 10(c) and collecting cases). In evaluating the complaint the Court may take judicial notice of court records. *See McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (stating that a court may take judicial notice of its records); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (citing cases). In this instance, the Court considered the state appellate court opinion referenced in Mr. Causey's complaint; that is, *Causey v. State*, 45 N.E.3d 1239, 1240 (Ind. Ct. App. 2015).

Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The exhibit attached to the complaint is Mr. Causey's diary of events which form the factual basis for his claims. See dkt. 1-1. Mr. Causey explains that his problems began on January 19, 2014. On that day the police were called to his apartment after an argument led to "a lot of commotion" including screaming, pushing and shoving. Dkt. 1-1 at 2. The argument involved visitors and when they refused to leave, Mr. Causey physically pushed them out 'like a bouncer at a club." Dkt. 1-1 at 2. One of the visitors, Shawnda, pulled a knife on Mr. Causey. The knife was pulled out of her hand and thrown under the couch.

After being kicked out of the apartment, Shawnda called the police saying that there was a man inside the apartment with no shirt on and with guns and knives in the home.

Ultimately, Mr. Causey's live-in girlfriend and her son drove the visitors, including Shawnda, to a hotel.

Mr. Causey was alone in his apartment at 3428 Leatherbury Lane when police arrived. Based on the report they received they wanted to enter the home to confirm that there were no hostages inside. Mr. Causey refused to allow them to enter. The SWAT team was called and Mr. Causey was forced out of his home when smoke bombs were thrown into his windows. The SWAT team put assault rifles in Mr. Causey's face. He was arrested, placed in handcuffs and his home was searched without a warrant.

Mr. Causey was convicted of Intimidation on the Police, a Class D Felony, on January 21, 2015. On March 12, 2015, the "trial court sentenced him to 545 days, with 180 days executed on home detention and 365 days on probation." *Causey v. State*, 45 N.E.3d 1239, 1240 (Ind. Ct. App. 2015). Causey appealed and his conviction was overturned on November 21, 2015.

As a result of the defendants' conduct Mr. Causey suffers from post-traumatic stress, was incarcerated, and lost his job. Mr. Causey states that he wants to sue everyone involved for 150 million dollars.

### III. Dismissal of Action

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright*

*v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

Mr. Causey does not identify any particular federal right that was violated as a result of the circumstances alleged above. The pertinent constitutional provision implicated by Mr. Causey's allegations, however, is the Fourth Amendment prohibition against unreasonable searches and seizures. *See Graham v. Connor,* 490 U.S. 386, 395 (1989). Specially, Mr. Causey alleges that his home was searched and he was arrested without probable cause on January 19, 2014, (he was released from custody that same day after posting bond).

Mr. Causey's Fourth Amendment claims, however, are barred by the statute of limitations. The statute of limitations to bring a claim under 42 U.S.C. § 1983 is determined by state law. *Wallace v. Kato*, 549 U.S 384, 387 (2007). In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. The date a cause of action accrues, however, is determined by federal law.

In *Wallace v. Kato,* the Supreme Court held that the statute of limitations for a false imprisonment claim begins when the false imprisonment ends. 549 U.S. at 389–392 (finding no favorable-termination element for a Fourth Amendment false imprisonment claim). Mr. Causey's alleged false imprisonment ended when he was released on bond pending trial the same day he was arrested. Similarly, "'a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.'" *Manuel v. City of Joliet*, Ill., 137 S.Ct. 911, 926 (2017) (*quoting Heck v. Humphrey*, 512 U.S. 477, 487, n. 7 (1994)).

Thus, Mr. Causey's Fourth Amendment claims against the Indianapolis Police Department and the Indianapolis Swat team accrued—and the two-year statute of limitations began to run—

on January 19, 2014. Mr. Causey's complaint, filed 10 months beyond the statute of limitations, was untimely and is subject to dismissal for this reason. *See Brown v. Dart*, No. 16-4179, 2017 WL 6014290, at *1 (7th Cir. Dec. 5, 2017) (discussing accrual of Fourth Amendment claims).

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

In addition to the statute of limitations bar, the complaint does not name viable defendants. Neither the Indianapolis Police Department nor the Indianapolis Swat Team is a "person" subject to suit under 42 U.S.C. § 1983. *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) (*citing Boren By & Through Boren v. City of Colorado Springs*, 624 F. Supp. 474 (D. Colo. 1985)). In Indiana, municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Any claims against these defendants are dismissed as legally insufficient.

Similarly, the Indiana Attorney General's Office is not a viable defendant and must be dismissed. The Indiana Attorney General's Office is not a "person" subject to suit under § 1983, and it is also immune from suit in federal court under the Eleventh Amendment. *See also See Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). Further, the United States Supreme Court, in *Imbler v. Pachtman,*

424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427.

### IV. Opportunity to Show Cause

Mr. Causey shall have through **January 10, 2018,** in which to show cause why this action should not be dismissed because each of the claims alleged is barred by the applicable statute of limitations and the complaint fails to name a viable defendant. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 12/12/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYRONE G. CAUSEY
835 Woodview Blvd.
Fort Wayne, IN 46806